UNITED STATES DISRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDRA V. CLAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| AUTOZONE, Inc., ) | Jury Trial Demand |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, INDRA V. CLAYTON (hereinafter "Plaintiff" or "Clayton"), and files her complaint against Defendant, AUTOZONE, Inc. (hereinafter "Defendant" or "AutoZone") and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, retaliation and sexual harassment of Plaintiff because of her sex and sexual orientation, intentional infliction of emotional distress, and negligent hiring/retention, leading to her constructive discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under Title VII. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a), as this action involves state law claims arising from the same case and controversy as Plaintiff's federal claims.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Indra Clayton, is a citizen of the United States and was at all times material a citizen of the State of Illinois, residing in Cook County, Illinois.

5. Defendant, AutoZone, is a Delaware Corporation with its principal place of business in Memphis, Tennessee. Plaintiff worked for Defendant at its 1110 Sibley Blvd., Dolton, IL 60419 location.

6. Defendant, AutoZone, is an employer as defined by the laws under which this action arises.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On August 28, 2017, Plaintiff dual-filed a claim with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sex, sexual harassment, and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10. On November 8, 2018, the EEOC issued a Determination finding reasonable cause to believe Defendant discriminated against Plaintiff due to her sex, sexual orientation, and for failing to conform with gender stereotypes. The EEOC also found reasonable cause to believe

Plaintiff was subjected to sexual harassment and retaliation. A copy of the Determination is attached and incorporated by reference as Exhibit A.

11. The parties were unable to resolve Plaintiff's claims of discrimination, harassment, and retaliation through Conciliation and on March 25, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue. A copy of the Notice of Right to Sue is attached and incorporated by reference as Exhibit B.

12. This Complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a homosexual female. Plaintiff's appearance does not conform to gender stereotypes because she dresses in a masculine fashion, works in the automotive industry, and maintains an overall masculine appearance.

14. The automotive industry is stereotypically a male dominated field. True to that stereotype, Plaintiff was one of only three females out of a team of approximately eleven (11) employees.

15. Plaintiff worked for Defendant as a Parts Manager wherein her job duties included supervising her subordinates, maintaining a high level of customer service, and ensuring the store and its inventory were well maintained.

16. Defendant discriminated against Plaintiff due to her sex, sexual orientation, and failure to confirm to gender stereotypes. Defendant also subjected Plaintiff to severe and persistent sexual harassment and retaliated against Plaintiff for engaging in protected activity.

17. Stephanie (no last name), Plaintiff's female subordinate, who upon information and belief is bi-sexual or homosexual, sexually harassed Plaintiff. Stephanie repeatedly touched

3

Plaintiff's breasts and buttocks, referred to Plaintiff as her "Baby mama" and told Plaintiff she "Really need[s] to eat your [Plaintiff's] pussy." Additionally, while holding a flexible funnel Stephanie stated to Plaintiff "can I [Stephanie] use this on you or do you want to use it on me" referring to use of the funnel for sexual penetration. Further, Stephanie requested Plaintiff perform sexual acts with her such as oral sex and commented on Plaintiff's appearance in a suggestive and inappropriate manner with comments such as but not limited to "Oh, you look good today" and "Doesn't matter what you wear, you still look good."

18. Plaintiff repeatedly asked Stephanie to stop the sexually harassing behavior, but Stephanie persisted and the sexual harassment escalated.

19. Further, on one occasion Stephanie pulled her pants completely down to "show" Plaintiff her genitals and buttocks.

20. Wes Price, Store Manager, witnessed the sexual harassment. However due to Plaintiff's sex and sexual orientation, Mr. Price failed to take any remedial or corrective action. Despite this, Plaintiff continued to report the sexual harassment to him but her efforts were futile as Mr. Price continued to take no remedial action.

21. Stephanie left Defendant's employ for a brief period of time.

22. Despite Defendant's knowledge of Stephanie's severe and pervasive sexual harassment of Plaintiff, Defendant re-hired Stephanie a few months following her leave. Upon her re-hire, Stephanie immediately began to sexually harass Plaintiff *again*.

23. Plaintiff was also discriminated against and harassed by her male co-worker, Myron Hutchinson, Delivery Manager. To target and harass Plaintiff, Mr. Hutchinson would tell customers that Stephanie was Plaintiff's "New Boo." Mr. Hutchinson further stated, in ear shot of customers, that "One day Stephanie is going to rape you."

24. Plaintiff escalated her concerns to Jen Martin, District Manager. Ms. Martin directed Mr. Price to alter Plaintiff's schedule so that Plaintiff was not scheduled to work with Stephanie, however Mr. Price failed to do so and Plaintiff remained on the same schedule as Stephanie.

25. Only after some time was Plaintiff's schedule altered so that she was not working on the same shift as Stephanie.

26. In retaliation for reporting her concerns of discrimination and harassment, Defendant drastically reduced Plaintiff's hours from approximately thirty-two (32) hours per week down to a mere sixteen (16).

27. Defendant's failure to remediate the discriminatory and hostile work environment caused Plaintiff extreme stress and anxiety with physical manifestations such as Plaintiff's hair falling out. As a result, Plaintiff requested a medical leave to attend to her health.

28. To further retaliate against and harass Plaintiff due to her sex and sexual orientation, while on medical leave Defendant posted offensive photographs and videos on social media referencing Plaintiff's sexual orientation in a derogatory manner. The photograph is labeled "Lesbians be like" and the title of the post is "This interview was done in exchange for a piece of jerk chicken," a clear attempt to harass Plaintiff.

29. Defendant also sent Plaintiff text messages threatening to continue posting on social media and referred to Plaintiff in such text communications as a "stupid retarded fat stanking [sic] bitch." Plaintiff reported Defendant's harassment to the Chicago Police Department.

30. Due to Plaintiff's growing concerns for her safety, on at least three occasions Plaintiff requested a transfer to another store location to extricate herself from the hostile work environment. Defendant denied Plaintiff's requests.

31. Due to the escalating discrimination, harassment, and hostility of the work environment Plaintiff faced a "Hobson's choice" – remain employed in a discriminatory, hostile and dangerous environment or resign her position. Defendant took no remedial action, and Plaintiff had no choice but to resign her position.

32. Plaintiff has been harmed by Defendant's illegal conduct.

**Count I: Sex Based Discrimination in Violation of Title VII**

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

35. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

36. Defendant violated Title VII by terminating and discriminating against Plaintiff based on her sex.

37. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Sexual Orientation Based Discrimination in Violation of Title VII**

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

41. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sexual orientation, homosexuality.

42. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sexual orientation with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

43. Defendant violated Title VII by terminating and discriminating against Plaintiff based on her sexual orientation.

44. Defendant intentionally discriminated against Plaintiff on the basis of her sexual orientation.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Sexual Harassment in Violation of Title VII

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

48. Defendant's sexually harassing actions and comments were so frequent and severe that it created a hostile work environment.

49. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of Title VII

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

52. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

53. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

54. Defendant's conduct violated Title VII.

55. Plaintiff has satisfied all statutory prerequisites for filing this action.

56. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count V: Negligent Hiring/Retention

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

60. Defendant knew Stephanie was unfit for the position as to create a danger of harm to third persons, including Plaintiff.

61. Defendant knew Stephanie was unfit for the position at the time it rehired her following her leave of absence.

62. Stephanie's unfitness for the position caused Plaintiff's damages and injury.

### Count VI: Intentional Infliction of Emotional Distress

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

64. Defendant engaged in deliberate conduct when it repeatedly failed to take remedial action following Plaintiff's numerous complaints and its own first-hand knowledge of the discriminatory and harassing behavior Plaintiff endured, thus ratifying the discrimination and harassment.

65. Defendant's conduct was extreme and outrageous.

66. Defendant's extreme and outrageous conduct caused Plaintiff to suffer severe emotional distress.

### Count VII: Constructive Discharge

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

68. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

69. Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and witnessed the discrimination and harassment first-hand and failed to take remedial action.

70. Defendant's deliberate actions forced Plaintiff to resign her position.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

  B. Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

  C. Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:    */s/ Abby Salzer*
               Abby Salzer
               Florida Bar No. 0591475
               Gary Martoccio
               Illinois Attorney Registration No. 6313431
               **Spielberger Law Group**
               111 W. Jackson, Suite 1700
               Chicago, IL 60604
               T: (800) 965-1570
               F: (866) 580-7499
               Abby.Salzer@spielbergerlawgroup.com
               Gary.Martoccio@spielbergerlawgroup.com

               *Counsel for Plaintiff*